VIRGINIA:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

ELON WILSON          )
    Petitioner       )
                   )
    v.              )     Civil Case No. CL-2021-3146
                   )     Criminal Case No. FE-2019-71
COMMONWEALTH          )
    Respondent      )

### COMMONWEALTH'S RESPONSE IN SUPPORT OF DEFENDANT'S PETITION TO VACATE JUDGEMENT

COMES NOW the Commonwealth, in support of Defendant's Petition to Vacate Judgement, and states as follows:

### INTRODUCTION

The Commonwealth supports Defendant's Petition to Vacate Judgment.  As discussed herein, the conviction in this matter was procured in 2019 by the former Commonwealth's Attorney's Office based on the untruthful statements, and likely racially biased motivations, of the involved officer ("Officer").  Once the Officer's improper conduct was disclosed, the former Commonwealth's Attorney's Office failed to act to establish the proper protocol to receive full and complete information regarding the extent of the officer's misconduct.  Moreover, the former Commonwealth's Attorney's Office delayed disclosing the misconduct to Defendant's counsel until *after* Defendant had been transferred from local custody.  This is significant because while Defendant was in local custody, this Court had the legal authority to modify the jail sentence and release Defendant.  As a result of the lack of diligence and delay by the former Commonwealth's Attorney's Office, Defendant has been forced to remain imprisoned while Defendant's counsel has worked with the current leadership of the

PLAINTIFF'S EXHIBIT

**1**

Commonwealth's Attorney's Office to secure Defendant's release.  This needless delay has greatly compounded the injustice.  For the reasons stated below, and in the interest of justice, this Court should grant Defendant's Petition to Vacate Judgment and order Defendant's release from custody.

PROCEDURAL BACKGROUND

On April 17, 2019, Defendant entered a plea before the Court pursuant to North Carolina v. Alford, 400 U.S. 25 (1970) to: (i) possession with intent to distribute a controlled substance (Code § 18.2-248), Count I, and (ii) possession of a firearm on or about the person while in possession of a controlled drug (Code § 18.2-308.4(B)), Count II.

On July 12, 2019, Defendant was sentenced by the Court to five years with three years and eleven months suspended on Count I, and two years with no portion suspended (mandatory minimum time) on Count II.  Defendant remained in the local custody of the Adult Detention Center ("ADC") after the sentencing hearing until November 13, 2019, when he was transferred to the Department of Corrections ("DOC") to serve his prison sentence.

ARGUMENT

A.      The Former Commonwealth's Attorney's Office Failed to Act Diligently.

On September 6, 2019, in an interview with the Internal Affairs Division ("IAD") of the Fairfax County Police Department ("FCPD"), regarding allegations of untruthful conduct in connection with traffic stops, the Officer admitted to falsifying information in police records.  On September 7, 2019, the Chief Deputy of the former Commonwealth's Attorney's Office received, via email, a letter dated September 6,

2019, from the IAD of the FCPD, advising that the Officer had been "relieved of duty." (See Exhibit A, attached hereto).  On September 12, 2019, the Chief Deputy of the former Commonwealth's Attorney's Office inquired of IAD, via email, the following, "The issue at hand.  Does it involve truthfulness allegations?"  (See Exhibit B, attached hereto).  Within minutes, IAD responded confirming that the matter did in fact involve truthfulness allegations.  (See Exhibit C, attached hereto).  Despite possessing this knowledge, when a line prosecutor asked the Chief Deputy of the former Commonwealth's Attorney's Office the very next day, September 13, 2019, via email, "What's the deal w/ [the Officer]," he responded that it "MAY be truthfulness." (See Exhibit D, attached hereto) (emphasis in original).

What is most troubling is that records from the ADC indicate that Defendant was not transferred from the custody of the ADC to the DOC until November 13, 2019. (See Exhibit E, attached hereto).  Accordingly, from September 7, 2019, when the Commonwealth first became aware of the issue, to November 13, 2019, when Defendant was transferred to the DOC, damage to Defendant could have been mitigated and addressed.  See Stokes v. Commonwealth, 61 Va. App. 388, 392 (2003) (finding the circuit court has jurisdiction to modify a sentence when a defendant has "not been transferred to the custody of the Department of Corrections and it appears compatible with the public interest and there are circumstances in mitigation of the offense").  Yet, no action was taken.

In addition, no notice was timely provided by the leadership of the former Commonwealth's Attorney's Office to Defendant's counsel that his client's conviction may have been procured based on false testimony.  In fact, Defendant's counsel was

not even notified by the former Commonwealth's Attorney's Office that the Officer was suspended for a lack of truthfulness until December 2019 – well after his client had been transferred to DOC custody.  Moreover, the nature of the notice provided in December 2019 utterly deprived Defendant's counsel of any substantive information needed to act.  Rather, the Chief Deputy of the former Commonwealth's Attorney's Office prepared a short paragraph that he instructed the line prosecutor to read to Defendant's counsel in December 2019.  The line prosecutor was instructed not to provide counsel a copy of the notice and not to allow counsel to make a copy of the notice.

To further compound the matter, the leadership of the former Commonwealth's Attorney's Office provided no notice to the newly elected, incoming Commonwealth's Attorney regarding the Officer's investigation and suspension, including his admission on September 7, 2019, to falsifying police records.  Given that the leadership of the prior Commonwealth's Attorney's Office refused to engage in any meaningful transition with the Office's current leadership, the Office's current leadership was not briefed about major issues such as this matter prior to taking office on January 1, 2020.

The current leadership of the Commonwealth's Attorney's Office remained unaware of this issue until Defendant filed a Motion for Disclosure on February 25, 2020. Upon receiving Defendant's motion, the newly elected Commonwealth's Attorney immediately made the appropriate inquiries regarding the Officer.  In response thereto, representatives from the FCPD and County Attorney's Office met with representatives of the Commonwealth's Attorney's Office.  During that meeting, representatives of the Commonwealth's Attorney's Office were advised of the following, among other things:

- As part of the FCPD's initial review, 40 of the Officer's nearly 1400 traffic stops were randomly selected and reviewed.  In each one of the 40 randomly selected cases, the basis used by the Officer to justify the stop, as memorialized in his police report, was untruthful.  Moreover, there was a racial component with respect to the drivers that the Officer unlawfully stopped.

- While the investigation initially was a matter for the Internal Affairs Bureau of the FCPD, a separate criminal investigation was subsequently opened by the FCPD.

- The criminal investigation is focused on issues beyond and in addition to the unlawful stops.

In response to learning the above information, the current Commonwealth's Attorney's Office sought dismissal of the Officer's unadjudicated cases.  Additionally, the Commonwealth filed a response in support of, and agreeing to, Defendant's Motion for Disclosure.  As part of its response, the Commonwealth moved the Court to establish a Garrity Review Team ("GRT") to review the information to be provided by the FCPD IAD regarding its investigation of the Officer.  The primary purpose of establishing a GRT and exercising such caution was not for the protection of the Officer, but rather for the protection of a possible criminal prosecution of the Officer.  In any subsequent prosecution, the government has the burden of showing that its evidence has not been tainted by an officer's compelled statements made during an internal affairs investigation.

B.    The Officer Is Untruthful and Fabricated the Basis for the Stop of Defendant

Once the Court granted the Commonwealth's request for establishment of a GRT, the Commonwealth acted pursuant to the protocols proposed in the motion and approved by the Court.  At that time, the Commonwealth learned that the FCPD IAD had opened 47 internal affairs cases regarding the Officer.  The Commonwealth systematically received, reviewed, and produced the information from the FCPD IAD to

Defendant's counsel pursuant above-referenced protocols.

The amount of material produced by the FCPD IAD was substantial.  Over 75 gigabytes of material was produced.  The material revealed strong indicia, among other things:

- The Officer systematically stopped motorists without a valid legal basis and then fabricated the basis for the stops in his reports;

- The Officer admitted to falsifying information in police records;

- The Officer admitted to a third party to engaging in racial profiling in determining which motorists to stop and the evidence corroborated this admission;

- Multiple people accused the Officer of planting drugs;

- In several cases handled by the Officer, narcotics went missing from the property room, including cocaine and marijuana;

- The Officer repeatedly edited police reports in cases where the narcotics went missing, sometimes over 100 times in a single case;

- The Officer threatened people with the authority vested in him as a law enforcement officer in an improper manner;

- The Officer abused his authority as a law enforcement officer on several occasions to avoid criminal liability unrelated to the performance of his duties.

C.    Justice Requires that the Judgment in this Matter be Vacated.

The Officer, in his written arrest report, stated that he stopped Defendant's vehicle because it weaved over the solid yellow line one time and had windows tinted darker than the legally permissible limit.  Since then, the Officer admitted to FCPD IAD that Defendant never crossed the solid yellow line.  The Officer also admitted that he never tested the tint on Defendant's windows.  The Officer further admitted that Defendant, who is African American, was seen leaving a recording studio the Officer

was watching and that is why the Officer chose to stop him.  The information relayed by the FCPD IAD indicates that the basis for the stop in this matter was completely fabricated by the Officer.  Furthermore, the totality of the information received by the Commonwealth's Attorney's Office renders the Officer wholly unreliable as a witness with respect to any other issue in the case, including the chain of custody for the suspected narcotics and firearms.

Justice requires that the judgment in this matter be vacated.  What occurred in this case is a disgrace of monumental proportions and a stain on the good work of many honest police officers and prosecutors.  The conviction and sentence in this matter were unjustly obtained and if left uncorrected will undermine confidence in our system of justice.

## CONCLUSION

WHEREFORE, the Commonwealth moves the Court to grant Defendant's Petition to Vacate Judgment.

Respectfully submitted,

STEVE T. DESCANO
Commonwealth's Attorney

KYLE G. MANIKAS
Chief Deputy Commonwealth's Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Response was sent to Marvin Miller, Esq., Defendant's counsel, via email at ofc@mdmillerlaw.com, this 24th day March, 2021.

KYLE G. MANIKAS
Chief Deputy Commonwealth's Attorney

Page **7** of 7

**EXHIBIT A**

| | |
|---|---|
| **From:** | Gray, Derek |
| **Sent:** | Saturday, September 7, 2019 12:48 AM |
| **To:** | Lingan, Casey |
| **Cc:** | Bowman, Brian K |
| **Subject:** | PFC Jonathan Freitag |
| **Attachments:** | Letter to Lingan - Freitag.doc |

Good day, sir,

Please see the attached memo. Second Lieutenant Brian Bowman is the lead investigator for this case.

Respectfully,
Derek

Second Lieutenant Derek Gray
Fairfax County Police Department
Internal Affairs Bureau
Office: (703) 246-4775
Cell: (571)585-2120



# County of Fairfax, Virginia

To protect and enrich the quality of life for the people, neighborhoods, and diverse communities of Fairfax County

**Colonel**
**Edwin C. Roessler Jr.**
*Chief of Police*

September 6, 2019

Mr. Casey Lingan
Chief Commonwealth Assistant Attorney
4110 Chain Bridge Road
Fairfax, Virginia 22030

**Lt. Colonel**
**Thomas Ryan**
*Deputy Chief of Police*

Dear Mr. Lingan,

On September 6, 2019, PFC Jonathan Freitag of the Franconia District Station, was relieved of duty pending the results of a Fairfax County Police Department, Internal Affairs Bureau investigation.   At this time, the investigation is ongoing, and you can anticipate updates as the investigation unfolds.  If you have any questions, feel free to contact me.

**Major Matthew**
**Owens**
*Commander,*
*Internal Affairs Bureau*

Sincerely,

**Captain**
**Ronald Manzo**
*Commander,*
*Investigations Division*
*Internal Affairs Bureau*

Second Lieutenant Brian Bowman
Fairfax County Police Department
Internal Affairs Bureau
12099 Government Center Parkway, 8th floor
Fairfax, Virginia 22035
(703) 246-2793

**Fairfax County Police Department**
4100 Chain Bridge Road
Fairfax, Virginia  22030
703-246-2195, TTY 711
Facsimile 703-246-3876
www.fairfaxcounty.gov



**EXHIBIT B**

**From:** Lingan, Casey
**Sent:** Thursday, September 12, 2019 1:41 PM
**To:** Gray, Derek
**Subject:** Re: PFC Jonathan Freitag

The issue at hand. Does it involve truthfulness allegations?

Get Outlook for iOS

**From:** Gray, Derek <Derek.Gray@fairfaxcounty.gov>
**Sent:** Thursday, September 12, 2019 1:36:26 PM
**To:** Lingan, Casey <Casey.Lingan@fairfaxcounty.gov>
**Subject:** Re: PFC Jonathan Freitag

Freitag has been relieved of duty. We have a hearing with him tomorrow. What does your office need from us?

Derek

On Sep 12, 2019, at 12:53 PM, Lingan, Casey <Casey.Lingan@fairfaxcounty.gov> wrote:

> Do you have more information on this?  He has a number of cases pending.
>
> Thanks
> Casey
>
> Get Outlook for iOS
>
> **From:** Gray, Derek <Derek.Gray@fairfaxcounty.gov>
> **Sent:** Saturday, September 7, 2019 12:47:37 AM
> **To:** Lingan, Casey <Casey.Lingan@fairfaxcounty.gov>
> **Cc:** Bowman, Brian K <Brian.Bowman@fairfaxcounty.gov>
> **Subject:** PFC Jonathan Freitag
>
> Good day, sir,
>
> Please see the attached memo. Second Lieutenant Brian Bowman is the lead investigator for this case.
>
> Respectfully,
> Derek
>
> Second Lieutenant Derek Gray
> Fairfax County Police Department
> Internal Affairs Bureau
> Office: (703) 246-4775
> Cell: (571)585-2120

**EXHIBIT C**

**From:**   Gray, Derek
**Sent:**   Thursday, September 12, 2019 1:42 PM
**To:**   Lingan, Casey
**Subject:**   Re: PFC Jonathan Freitag

Yes sir.

Sorry, this is my first experience with this.

Derek

On Sep 12, 2019, at 1:41 PM, Lingan, Casey <Casey.Lingan@fairfaxcounty.gov> wrote:

> The issue at hand. Does it involve truthfulness allegations?
>
> Get Outlook for iOS

> **From:** Gray, Derek <Derek.Gray@fairfaxcounty.gov>
> **Sent:** Thursday, September 12, 2019 1:36:26 PM
> **To:** Lingan, Casey <Casey.Lingan@fairfaxcounty.gov>
> **Subject:** Re: PFC Jonathan Freitag
>
> Freitag has been relieved of duty. We have a hearing with him tomorrow. What does your office need from us?
>
> Derek

On Sep 12, 2019, at 12:53 PM, Lingan, Casey <Casey.Lingan@fairfaxcounty.gov> wrote:

> Do you have more information on this?  He has a number of cases pending.
>
> Thanks
> Casey
>
> Get Outlook for iOS

> **From:** Gray, Derek <Derek.Gray@fairfaxcounty.gov>
> **Sent:** Saturday, September 7, 2019 12:47:37 AM
> **To:** Lingan, Casey <Casey.Lingan@fairfaxcounty.gov>
> **Cc:** Bowman, Brian K <Brian.Bowman@fairfaxcounty.gov>
> **Subject:** PFC Jonathan Freitag
>
> Good day, sir,
>
> Please see the attached memo. Second Lieutenant Brian Bowman is the lead investigator for this case.

Respectfully,
Derek

Second Lieutenant Derek Gray
Fairfax County Police Department
Internal Affairs Bureau
Office: (703) 246-4775
Cell: (571)585-2120

**<u>EXHIBIT D</u>**

**From:**          Lingan, Casey
**Sent:**          Friday, September 13, 2019 7:57 AM
**To:**            Pavluchuk, Kathryn A.
**Subject:**       Re: ?

**Follow Up Flag:**    Follow up
**Flag Status:**       Flagged


Yeah no details other than it MAY be truthfulness?? But should know more soon.

Get Outlook for iOS

**From:** Pavluchuk, Kathryn A. <Kathryn.Pavluchuk@fairfaxcounty.gov>
**Sent:** Friday, September 13, 2019 7:55:47 AM
**To:** Lingan, Casey <Casey.Lingan@fairfaxcounty.gov>
**Subject:** ?

What's the deal w/ Freitag?  I have 6 or 7 of his dwi's in my courtroom.  Should I just be continuing due to pending investigation?

Katie

Kathryn Ann Duffy Pavluchuk
Assistant Commonwealth's Attorney
Fairfax County, Virginia

**EXHIBIT E**

**Current Commmitment:**

|  | Date | Time | Reason |
|---|---|---|---|
| Commit | 07/12/2019 | 1335 | 20 - Serving sentence 07/12/2019 |
| Actual Release | 11/13/2019 | 0517 | To Serve Sentence Department of Corrections |
| Computed Release |  | 0800 |  |

**Columns with ** and highlighted -- Do NOT release to public.**

| Charge | Jail Warrant No** | OTN** | Docket No** | Court Info | Bond | Disposition | Conviction Date | Arrest Date |
|---|---|---|---|---|---|---|---|---|
| 18.2-308.4(A) - POSSESS SCHED. I /II DRUG WHILE POSSESSING FIREARM | 1599655 | 059GM1800020650 | FE19-71 | Circuit Court , Fairfax County | No Bond (NO BOND, 0) | State Sentence (Total: 2Y) | 07/12/2019 | 04/03/2018 |
| 18.2-248(C) - POSSESSION W/ INTENT TO SELL, ETC. SCHEDULE I OR II DRUGS | 1599656 | 059GM1800020651 | FE19-71 | Circuit Court , Fairfax County | No Bond (NO BOND, 0) | State Sentence (Total: 5Y, Suspended: 3Y 11M) | 07/12/2019 | 04/03/2018 |